IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IRVIN E. RICHTER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| NELSON G. PFUNDT, *et al* | : | NO. 09-2604 |

## MEMORANDUM OPINION

**Savage, J.** December 24, 2009

After the original action was transferred to this district, an amended complaint filed, discovery concluded and motions for summary judgments filed and briefed, plaintiff Irvin Richter ("Richter") now moves to file a second amended complaint to add new factual allegations and claims against defendants Leithbridge Co. d/b/a Kurfiss Sotheby's International Realty ("Kurfiss") and Michael W. Richardson ("Richardson"). Richter argues that he should be granted leave to file a second amended complaint to clarify the factual bases for existing claims and to add a claim against Kurfiss and Richardson that came to light during discovery. Kurfiss and Richardson oppose Richter's motion as both untimely and prejudicial.

Richter has not offered a plausible and reasonable excuse for failing to move to amend his amended complaint in a timely fashion. We further conclude that allowing amendment at this stage of the litigation will prejudice the defendants and interfere with the orderly and efficient management of the court's schedule. Therefore, the motion will be denied.

**Legal Standard**

Keeping in mind that the purpose of Rule 15 is to have a case decided on the merits rather than on a technicality, leave to amend a pleading should be freely granted. *Shane v. Fauver,* 213 F.3d 113, 115-17 (3d Cir. 2000); *Berkshire Fashions, Inc. v. M.V. Hakusan II*, 954 F.2d 874, 886-87 (3d Cir. 1992). Factors considered are undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by previously allowed amendments, undue prejudice to the opposing party, and futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1982).

In listing the relevant factors, some cases use the disjunctive, creating the impression that any one of the factors alone justifies denying amendment. *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001) (citing *Foman*, 371 U.S. at 182). However, delay alone will not preclude amendment. It must be coupled with a resultant burden on the court or prejudice to the other party. *Cureton*, 252 F.3d at 273. Prejudice to the non-moving party is the touchstone for the denial of an amendment, keeping in mind the goal of having cases decided on the merits. *Amquip v. Admiral Insurance Co.,* 231 F.R.D. 197 (E.D. Pa. 2005). Thus, we must balance the prejudice to the non-moving party if the motion is granted against the harm to the movant if leave is not granted. *Id.*

Prejudice to the party opposing the amendment justifies denying leave to amend. A party is unduly prejudiced if amendment would cause surprise, result in additional discovery, or add cost in the preparation to defend against new facts or theories. *Cureton,* 252 F.3d at 273. Consequently, we must ask whether Kurfiss and Richardson will suffer any hardship if the amendment is allowed. *Id.*

The delay inquiry focuses on the movant's motive for not amending sooner, and the

prejudice analysis focuses on the effect on the non-moving party. *Adams v. Gould*, 739 F.2d 858, 868 (3d Cir. 1984). In considering the motion to amend a second time, we examine Richter's conduct, the reason for his delay and any prejudice that Kurfiss and Richardson might suffer if the amendment is allowed.

**Analysis**

Richter's motion to amend his complaint a second time is untimely. The Scheduling Order mandated that all motions to amend the complaint had to be filed no later than August 11, 2009. Richter did not file his motion to amend until November 25, 2009, more than three months after the amendment deadline.

The discovery deadline was September 25, 2009. The depositions of those witnesses whose testimony that Richter contends form the basis for his new claims against Kurfiss and Richardson were taken in early to mid-September. However, Richter has had most of the information that he recites as forming the bases for expanding his existing causes of action and adding a new one since the early stages of this litigation. Contrary to his representation, Richter did not recently learn of the existence of the document purportedly containing his initials, which he contends were not affixed by him, and the changes he claims he never saw and approved. The document was attached as an exhibit to the defendants' answer which was filed on March 4, 2009, when the case was still in the District of New Jersey. Thus, the facts were available before Richter filed his first amended complaint and, at the latest, prior to the deadline for filing summary judgment motions of November 6, 2009.

Richter cites the temporary stay of the proceedings against Richardson that was issued on October 8, 2009, and not lifted until November 23, 2009, as an impediment to

filing his motion to amend. He contends he promptly filed his motion to amend two days after the stay was lifted. Richter's proposed new cause of action against Kurfiss and Richardson is that Richardson was negligent in not discovering that Richter had not affixed his initials to approve the changes to the agreement. He relies on the deposition testimony of Richardson and Millspaugh in making out his new claim of negligence. These depositions were completed by September 2, 2009,[1] more than a month before the stay. Richter offers no excuse as to why he could not have filed his motion to amend between the conclusion of Millspaugh's deposition on September 2, 2009, and the stay as to Richardson on October 8, 2009. More importantly, he knew this same information from the copy of the document attached as an exhibit to the defendants' answer on March 4, 2009.

The stay affected Richardson only. Richter has provided no explanation for the delay in moving to amend the complaint as to Kurfiss earlier.

Richter's delay aside, amendment at this stage would substantially prejudice Kurfiss and Richardson. Additionally, it would interfere with the court's schedule.[2]

Prejudice arises where the proposed amendment asserts new claims, would necessitate new discovery, is not filed reasonably soon after the factual basis for the request was discovered, and after summary judgment motions were filed. *Cummings v. City of Philadelphia*, No. Civ. A. 03-0034, 2004 WL 906259, at *4, (E.D. Pa. Apr. 26, 2004) (Hutton, J.); *Whitman v. Proconex, Inc.*, Civil A. No. 08-2667, 2009 WL 113740 (E.D. Pa.

---

[1] Richardson's deposition testimony concluded on August 26, 2009, and Millspaugh's, on September 2, 2009.

[2] The Scheduling Order requires the parties to file pretrial memoranda by January 8, 2010 and motions in limine by January 22, 2010. Exhibits have been exchanged. Trial is scheduled to commence on February 4, 2010.

Jan. 14, 2009) (Surrick, J.) (collecting cases).

In this case, the filing of an amended complaint would necessarily require a new scheduling order, additional discovery, supplemental dispositive motions, and rescheduling trial. The motion is especially prejudicial because it was not filed until after the defendants had filed motions for summary judgment and is based on facts that were available, if not already in possession of Richter, before the motions for summary judgment were filed. Once the defendants filed their motions and revealed their positions, Richter changed his theory. As Richter characterizes his proposed amendment, it shifts from the "misrepresentation regarding the ownership of the Property" to the "fraudulent and negligent conduct of Kurfiss and Richardson."

Kurfiss and Richardson retained an expert who rendered an opinion regarding their liability based upon the allegations and claims made in the first amended complaint. A second amendment would necessitate a new expert report addressing these new allegations and claims of negligence and breach of professional standards. This in turn will result in additional testimony and potential *Daubert* hearings. However, the deadline for producing expert reports has expired.

Incurring added time and expense in defending against the new claims would prejudice the defendants. *See Cureton,* 252 F.3d at 274 (denying leave to amend where additional claims would necessitate new discovery and preparation); *McKenna v. City of Philadelphia*, 511 F.Supp.2d 518, 528 (E.D. Pa. 2007) (denying leave to amend where new issues would likely require additional discovery and additional expert testimony); *In re Wireless Telephone Services Antitrust Litig.*, No. 02-Civ. 2637 DLC, 2004 WL 2244502, at *7 (S.D.N.Y. Oct. 6, 2004) (finding prejudicial delay and expense where "all parties would

at a minimum require an opportunity to retain and prepare new experts, prepare new and revised expert reports, and conduct expert discovery on the expanded issues.")

Here, after balancing the parties' competing interests, the potential prejudice against Kurfiss and Richardson in defending against a new claim is significant and not counterbalanced by Richter's explanation for delay. Adding a substantially broader claim and expanding on existing claims at this stage of the litigation would place an unwarranted burden on the court and would result in prejudice to the defendants. Therefore, the motion to amend will be denied.